Michael T. Fraser (SBN 275185)
mfraser@thefraserlawfirm.net
**THE FRASER LAW FIRM, P.C.**
4120 Douglas Blvd., #306-262
Granite Bay, California 95746
Tel:   888.557.5115
Fax:  866.212.8434

Gillian L. Wade (SBN 229124)
gwade@mjfwlaw.com
Sara D. Avila (SBN 263213)
savila@mjfwlaw.com
Andrew Whitman (SBN 312244)
gawhitman@mjfwlaw.com
**MILSTEIN JACKSON FAIRCHILD & WADE LLP**
10250 Constellation Blvd., 14th Fl.
Los Angeles, California 90067
Tel:  310.396.9600
Fax:  310.396.9635

*Attorneys for Plaintiff*
Leland Rex Hertel and the Putative Class

Christopher M. Young (SBN 163319)
christopher.young@dlapiper.com
Ashleigh Angeletti (SBN 265392)
ashleigh.angeletti@dlapiper.com
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, California 92101-4297
Tel:   619.699.2700
Fax:  619.699.2701

*Attorneys for Defendants*
FOCUS CONSUMER HEALTHCARE, LLC and CHATTEM, INC.

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| LELAND REX HERTEL, individually, on behalf of himself and others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>FOCUS CONSUMER HEALTHCARE, LLC and CHATTEM, INC.,<br><br>          Defendants. | CASE NO. 2:18-cv-01176-MCE-KJN<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Dept.: 7<br>Judge: Hon. Morrison C. England, Jr. |

Plaintiff Leland Rex Hertel, individually, on behalf of himself and others similarly situated ("Plaintiff") and Defendants Focus Consumer Healthcare, LLC and Chattem, Inc. ("Defendants"), by and through their counsel of record, hereby stipulate and agree that the terms and conditions of this Stipulated Protective Order (the "Order") shall be applicable to and govern depositions, documents, and other tangible things produced in response to initial disclosures, requests for production, answers to interrogatories, responses to requests for admissions, and all other discovery taken in the above-captioned action (hereinafter "the Action") or produced in connection with the Action by a third-party witness who designates the production as confidential hereunder.

**IT IS HEREBY ORDERED as follows:**

1. <u>Designation of Confidential Materials</u>. Any party or non-party to this Action (hereinafter a "Designating Party" and "Designating Non-Party," respectively) shall have the right to designate as "CONFIDENTIAL" any document produced in this Action that the Designating Party or Designating Non-Party considers in good faith to contain (1) trade secrets; (2) non-public financial information; (3) proprietary technology; (4) proprietary business processes; and/or (5) information that is not generally known to the public ("Confidential Material"). Where a document or response consists of more than one page, the first page and each page on which Confidential Material appears shall be so designated.

2. <u>Restriction on Disclosure of Confidential Materials</u>. No Confidential Material shall be disclosed to any person or entity except as set forth in this Order. Persons obtaining access to Confidential Material under this Order shall use the information solely for the purposes of litigating the Action, and shall NOT use any such information for any other purpose in any manner or degree at any time, including but not limited to its use in any business, commercial or economic activity. The restrictions on use of

Confidential Materials set forth in this Order shall survive the conclusion of this matter, and after conclusion of this matter, the Court shall retain jurisdiction for the purpose of enforcing this Order. No copies of Confidential Material shall be made except by or on behalf of counsel of record for their own use. All such copies shall be subject to the provisions of Paragraph 15 hereof. No Confidential Material will be disclosed to any person who is required under the terms of this Order to execute a non-disclosure agreement, the form of which is attached hereto as Attachment 1, unless and until such person executes the non-disclosure agreement. If the person refuses to sign such non-disclosure agreement, any party may seek judicial assistance to compel that person to be bound by the terms of this Order.

3. <u>Marking of Confidential Material</u>. Documents that any party wishes to protect against unauthorized disclosure or use as Confidential Material shall be marked by placing the following legend on the documents: CONFIDENTIAL:

(a) Request for Production of Documents. In the case of documents produced pursuant to a Request for Production of Documents, by stamping or writing "CONFIDENTIAL" on the front of any document before production;

(b) Responses to Interrogatories and Requests for Admissions. In the case of responses to Interrogatories and Requests for Admissions, by stamping or writing on the front of any set of responses the phrase "CONTAINS CONFIDENTIAL INFORMATION;"

(c) Depositions. Portions of deposition transcripts and documents produced at deposition may be designated "CONFIDENTIAL" either (a) during the deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked by the reporter as "CONFIDENTIAL," or (b) by written notice to the reporter and to all counsel

1  of record within thirty (30) days after the court reporter mails notice to the
2  defendant that the transcript has been prepared, in which case all counsel
3  receiving such notice shall be responsible for marking the copies of the
4  designated transcript in their possession or under their control as directed by
5  the Designating Party.  On a case-by-case basis, following a deposition, the
6  Designating Party may request that the parties agree to treat the transcript as if
7  it has been designated as Confidential Material, pending the expiration of
8  thirty (30) days after notice of preparation of the deposition transcript.  If no
9  such designation is made within thirty (30) days, the transcript shall be
10 considered not to contain any confidential information subject to this Order.

The Designating Party has the right to have all persons, except the deponent and his or her counsel, the named parties, counsel of record for named parties, the court reporter, and such other persons as are permitted under Paragraphs 5 and 6 herein, excluded from a deposition, or any portion thereof before the taking of testimony which the Designating Party designated as "CONFIDENTIAL" under this Order.

(d)     Nonparty Production: A non-party may designate as "CONFIDENTIAL" documents or discovery materials produced by a nonparty at the time of production. A party may designate as "CONFIDENTIAL" documents or discovery materials produced by a nonparty by providing written notice to all parties of the relevant document numbers or the identification thereof within thirty (30) days after receiving such documents or discovery materials. On a case-by-case basis, following a deposition, the Designating Party may request that the parties agree to treat the transcript as if it has been designated as Confidential Material, pending the expiration of thirty (30) days after notice of preparation of the deposition transcript.  If no such designation is made within thirty (30) days, the

/////

nonparty documents shall be considered not to contain any confidential information subject to this Order.

4. <u>Filing Designated Materials</u>. Before any Confidential Material is filed with the Court for any purpose, the party seeking to file such material shall seek permission of the Court to file said material under seal. The parties will follow and abide by applicable law, including L.R. 141 with respect to filing documents under seal in this Court.

5. <u>Access to "CONFIDENTIAL" Material</u>. Disclosure of materials designated "CONFIDENTIAL" for the purpose of conducting this litigation may be made only as follows:

    (a) to the named parties to this action;

    (b) to any directors or officers or employees of Defendants;

    (c) to counsel of record and their employees;

    (d) to persons requested by counsel of record to assist in conducting this litigation;

    (e) to any person not included in (a) through (d) above whose testimony during these proceedings is obtained or sought; and

    (f) to the Court (and its officers).

No disclosure shall be made to any person or entity specified in paragraph 5(d) and/or 5(e) until such person or entity to whom Confidential Materials are disclosed executes the non-disclosure agreement attached hereto as Attachment 1.

6. <u>Disclosure of Confidential Materials to Deponents or Witnesses</u>. A deponent or witness may, during a deposition or trial, be shown and be examined about information so designated as "CONFIDENTIAL," or any part or portion thereof, if the deponent or witness: (i) appears as the author or as an addressee on the face of the document; (ii) or previously rightfully obtained knowledge of the document containing the information; (iii) or previously rightfully learned the information contained therein; (iv) or the

procedures as set forth in paragraph 5 above have been followed and the deponent or witness has executed the non-disclosure agreement attached hereto as Attachment 1; (v) or is a current employee or agent of the Designating Party, provided that counsel taking the deposition shall first disclose the Confidential Material to counsel for the Designating Party outside of the presence of the witness. With the exception of certified, expert witnesses (otherwise subject to the terms of this Order), such deponent or witness may NOT retain any Confidential Materials or copies thereof.

7. <u>Procedure for Seeking/Prohibiting Additional Disclosures</u>. Prior to any disclosure of material designated "CONFIDENTIAL," other than as provided in paragraphs 2, 4, 5 and 6 herein, counsel desiring to make such a disclosure shall provide written notice to counsel for the Designating Party of its intent to make the disclosure, stating therein the specific material to be disclosed and the name, address, and position of the person to whom the disclosure is being made. If the Designating Party objects to the disclosure, the party seeking the additional disclosure must file a motion with the Court to disclose the Confidential Material outside the scope of this Order. Until the Court rules on the motion, the Confidential Materials shall not be disclosed.

8. <u>Limitation Upon Scope of Order</u>. Nothing contained in this Order shall affect the right of any Designating Party to disclose or use for any purpose the documents or information it produced and designated as "CONFIDENTIAL". This Order shall not limit or affect the rights of any party to use or disclose any material or thing that has not been obtained through, or derived as a result of, the Action.

9. <u>No Admission by Non-Designating Party</u>. Treatment by opposing counsel or party in conformity with the indicated designation of "CONFIDENTIAL" shall not be construed in any way as an admission or

/////

agreement by any party that the designated disclosure constitutes or contains any Confidential Materials of any other party or witness.

10. <u>Procedure for Modification of Order/Objection to Designation</u>. No party to this action shall be obligated to challenge the propriety of any designation by any other party or witness, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action to the propriety of such designations. Any party objecting to the designation of Confidential Material must give counsel for the Designating Party written notice of its reasons for the objection and the parties shall attempt to resolve their differences. Failing resolution, the party objecting to the designation of Confidential Material may move the Court in writing (by means of a formal motion) for an Order removing or changing the designation. Disputed material shall be treated as Confidential Material until the dispute is resolved.

This Order shall be interpreted in a manner that does not unduly restrict any party's conduct in the Action. In addition, the parties recognize that other situations not adequately addressed in this Order may arise, and that a need for its modification is not unlikely.

11. <u>No Effect on Admissibility</u>. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial.

12. <u>Disposition of Designated Materials at the End of Case</u>. Within sixty (60) days of the final adjudication (including any appellate proceedings) or other final deposition of the claims at issue herein, and unless otherwise agreed in writing by an attorney of record for the Designating Party, counsel for each party shall either (1) assemble and return all designated Confidential Material in its possession, including all copies thereof, other than Confidential Material specifically permitted to be retained by counsel of record, to the

1  party or third party witness from whom the designated Confidential Material
2  was obtained, or (2) certify in writing that all such Confidential Material has
3  been destroyed.

4       13.    <u>No Waiver</u>. Neither the review of any Confidential Material by
5  counsel, witnesses, deponents, experts, or consultants in this litigation nor the
6  inadvertent, unintentional, or in camera disclosure thereof, nor the filing or
7  lodging of any such information under seal as set forth above, shall, under any
8  circumstances or in any manner or degree at any time, be deemed to be a
9  waiver, in whole or in part, of (a) the Designating Party's contentions of
10 confidentiality or objections to production of any of the information so
11 designated as "CONFIDENTIAL," or (b) any opposing party's contentions or
12 objections that any particular information so designated as
13 "CONFIDENTIAL" is in fact not Confidential Material. However, nothing
14 herein shall defeat any provision of this Order. In addition, nothing herein
15 shall be deemed to waive any applicable privilege or work product protection,
16 or to affect the ability of a party to seek relief for an inadvertent disclosure of
17 material protected by privilege or work product protection.

18       14.    <u>Inadvertent Failure to Designate Confidential Material</u>. To the
19 extent not inconsistent with Paragraph 3 herein, this paragraph shall govern
20 material inadvertently not initially designated "CONFIDENTIAL." The initial
21 failure to designate Confidential Material in accordance with this Order shall
22 not preclude any party or third party, at a later date, from designating any
23 material "CONFIDENTIAL." In the event of an inadvertent failure to
24 designate Confidential Material, the producing party may within a reasonable
25 time after production, provide written notice to counsel of record for the
26 receiving party or parties that the material is to be designated as
27 "CONFIDENTIAL" pursuant to this Protective Order. Upon receipt of such
28 notice, the receiving party shall thereafter treat the material as

"CONFIDENTIAL," shall restrict the disclosure or use of such material to only those persons qualified pursuant to this Order, and, if such material has previously been disclosed to persons not qualified pursuant to the Order, shall take reasonable steps to obtain all such previously disclosed material, advise such persons of the claims of the confidentiality, and obtain the appropriate non-disclosure agreement attached hereto as Attachment 1.

15. <u>Breach</u>. Failure to comply with this Order may be punished by the contempt powers of the Court and any other appropriate remedies determined by the Court.

16. <u>Duration of Order</u>. The confidentiality obligations imposed by this Order shall remain in effect unless otherwise expressly ordered by the Court.

IT IS SO ORDERED, with the following amendments and clarifications:

1. The parties shall comply with the provisions and procedures of Local Rules 140 and 141 with respect to sealing or redaction requests. To the extent that the parties' stipulation conflicts with the Local Rules, the Local Rules shall govern.

2. Prior to filing any motion related to this stipulated protective order or other discovery motion, the parties shall first exhaust informal meet-and-confer efforts and otherwise comply with Local Rule 251.

3. Nothing in this order limits the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial—such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

4. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this stipulated protective order after the action is terminated.

Dated: November 19, 2018

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE